Edgar F. Hazleton, S.
This is an application by a husband of decedent to have his failure to file and record his notice of election within the statutory time excused, and that permission be granted for such filing and recording nunc pro tunc as of April 25,1959.
The notice was timely served upon the executrix herein. However, because of an oversight upon the part of a clerk employed in the office of the attorney for the husband, the notice was not filed in time in the office of the Clerk of this court as required by section 18 of the Decedent Estate Law.
The executrix claims that the husband had lost his right to assert his right of election by his abandonment of his wife. Without reciting the pros and cons of this controversy, suffice it to say that the contentions of the opposing parties present a triable issue, and if what the husband affirms be found true, it might well be established that he did not abandon his spouse.
The decedent in her will bequeathed her husband the sum of one dollar alleging that he had abandoned and failed to support *255 her. I believe that some assets earned by the husband and put in the name of the husband and his wife are included in decedent’s estate.
Not until about 19 months after the personal service of the notice of election upon the executrix did she institute proceedings in this court for a determination of the right of the husband to take his share in his wife’s estate as in intestacy. In that proceeding the executrix had assumed that all statutory requirements anent service and filing of the notice of election had been met. However, when the proceeding was about to be tried, it was discovered that the notice of election, although timely served, had not been filed and recorded with the Clerk of the Surrogate’s Court. The Surrogate accordingly directed the Clerk to remove the proceeding from the Trial Calendar pending a determination of an application to open the default in filing.
I am cognizant of the provisions of section 18 of the Decedent Estate Law in respect of serving and filing the notice of election within the six-month period after granting of letters, as well as the limitation that the default in filing such election within six months after the issuance of letters may be extended provided no decree settling the account has been made and provided further that 12 months have not elapsed since the issuance of letters. No accounting has been had and the 12-month period has passed.
The language of section 18 impresses me as not being clear and I am aware of the cases which have followed strictly the letter of the statute in applying the 12-month period.
However, each case must be decided upon its own peculiar facts and I am unable to find any precedent where the facts are identical with those of the instant proceeding. This court is a court of equity whose duty above all else is to administer justice unhampered by technicalities. The asserting of the right of election by serving the notice upon the executrix had been duly and timely met. This act constituted the required notice by the husband of his decision to exercise his personal right of election. The subsequent filing of the document in the Clerk’s office was a step to complete the record and put this court on notice. No harm can result from forgiving the default in filing the notice while a grave injustice and hardship might follow from keeping the door closed.
Therefore, the application of the petitioning husband is granted in all respects.
Settle order on notice.